AO93 Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

 SEALED

| | |
|---|---|
| In the Matter of the Search of<br>8526 W. Vale Drive, Phoenix, Arizona 85037; One Red and<br>Black 2013 Dodge Charger Bearing Arizona License Plate<br>HLA783; One Black 1999 Chevrolet Tahoe Bearing Arizona<br>License Plate 7JA22M; One White 2015 Chevrolet Tahoe<br>Bearing Temporary Arizona License Plate 779277U; One<br>Gray 2014 Infiniti Q50 Bearing Arizona License Plate<br>Y2A5Y4; and the Person of Angel Antonio Rodriguez-<br>Armenta. | Case No. 26-5166mb<br><br>(Filed Under Seal) |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona:

**As further described in Attachments A-1, A-2, A-3, A-4, A-5, and A-6.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

**As set forth in Attachment B.**

**YOU ARE COMMANDED** to execute this warrant on or before **5/12-/26** *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>any United States Magistrate Judge on criminal duty in the District of Arizona</u>.

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized ☐ for _30_ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: **Apr. 28, 2026**
**@ 2:27 p.m.**

_____
*Judge's signature*

City and state: <u>Phoenix, Arizona</u>     <u>Honorable DEBORAH M. FINE, U.S. Magistrate Judge</u>
*Printed name and title*

## ATTACHMENT A-1

*Property to be Searched*

The property to be searched is the entire property and curtilage located at 8526 W. Vale Drive, Phoenix, Arizona 85037. The residence is a one-story, single-family home with two baths, three bedrooms, and a two-car garage. The residence is salmon in color, with white-colored trim. The front door of the residence faces south.



## ATTACHMENT A-2

*Property to be Searched*

The property to be searched is a red and black 2013 Dodge Charger bearing Arizona license plate HLA783, VIN: 2C3CDXCT1DH583149, registered to Naydelin Leal-Orosco at 8526 W. Vale Drive, Phoenix, Arizona 85037.



## ATTACHMENT A-3

*Property to be Searched*

The property to be searched is a black 1999 Chevrolet Tahoe bearing Arizona license plate 7JA22M, VIN: 1GNEK13RXXJ516359, registered to Raquel Orosco-Lugo at 210 E. 5th Street, Eloy, Arizona 85131, and 8526 W. Vale Drive, Phoenix, Arizona 85037.



## ATTACHMENT A-4

*Property to be Searched*

The property to be searched is a white 2015 Chevrolet Tahoe bearing temporary Arizona license plate 779277U, registered to Briseyda Orozco at 303 E. South Mountain Ave., Phoenix, Arizona 85042.



## ATTACHMENT A-5

*Property to be Searched*

The property to be searched is a gray 2014 Infiniti Q50 bearing Arizona license plate Y2A5Y4, registered to Briseyda Orozco at 303 E. South Mountain Ave., Phoenix, Arizona 85042.



## ATTACHMENT A-6

*Person to be Searched*

Name: Angel Antonio Rodriguez-Armenta

Year of Birth: 6/11/2004

SSN: ***-**-3361



## ATTACHMENT B

### Property to be Seized

1.      Books, records, receipts, notes, ledgers, pay-owe lists, invoices, and other documentation related to firearms trafficking and/or alien smuggling transactions and activities, including the ordering, purchase, storage, shipping, disposition, or dominion and control over firearms, ammunition, firearm parts, parts kits, frames, receivers, and accessories;

2.      Firearms and ammunition (including firearms parts, parts kits, frames, receivers, and accessories), magazines, cases, boxes, holsters, slings, gun pieces, gun cleaning items or kits, ammunition belts, original box packaging, and explosives;

3.      Photographs, including still photos, negatives, slides, videotapes, and films, in particular those showing U.S. currency, real and personal property, or firearms (including firearms parts, parts kits, frames, receivers, and accessories) and ammunition;

4.      Concealed Carry Weapons permit(s);

5.      Maps reflecting firearm and alien smuggling routes, foreign fuel receipts, receipts reflecting travel to and from foreign countries, receipts pertaining to the purchase and registration of vehicles, receipts for modifications and repairs done to vehicle, and receipts for the purchase of portable radios, cellular phones, and pagers;

6.      Records relating to the receipt, transportation, deposit, transfer, or distribution of money, including but not limited to, direct deposit confirmations, wire transfers, money orders, cashier's checks, check stubs, PayPal or other electronic money transfer services including, but not limited to, MoneyGram, Moneypak, Green Dot, and Vanilla Reload, check or money order purchase receipts, account statements – both foreign and domestic, and any other records reflecting the receipt, deposit, or transfer of money;

7.      United States currency, foreign currency, financial instruments, negotiable instruments, jewelry, precious metals, stocks, bonds, money wrappers, and documents regarding purchases of real or personal property;

8.    Vehicle rental and purchase agreements and receipts, storage facility rental agreements, records of mail services, airline ticket receipts, bus ticket receipts, credit card receipt, hotel receipts, travel agency vouchers, long distance telephone call records, and any other items reflecting domestic and foreign travel;

9.    Safe deposit box keys, storage locker keys, safes, and related secure storage devices, and documents relating to the rental or ownership of such units;

10.    Indicia of occupancy, residency, rental, ownership, or use of the Subject Premises and any vehicles found thereon during the execution of the warrant, including, utility and telephone bills, canceled envelopes, rental, purchase or lease agreements, identification documents, keys, records of real estate transactions, vehicle titles and registration, and vehicle maintenance records;

11.    Computers, cellular telephones, tablets, iPads, surveillance servers, and other media storage devices, such as thumb drives, CD-ROMs, DVDs, Blu Ray disks, memory cards, and SIM cards (hereafter referred to collectively as "electronic storage media");

12.    Any records and information found within the digital contents of any electronic storage media seized, from October 1, 2025 to the date of this warrant, including:

   a.  all information related to the sale, purchase, receipt, shipping, importation, transportation, transfer, possession, or use of firearms (including firearms parts, ammunition, frames, receivers, explosives, and accessories);

   b.  all information related to human smuggling and the transport or harboring of undocumented or illegal aliens;

   c.  all information related to buyers or sources of firearms (including names, addresses, telephone numbers, locations, or any other identifying information);

   d.  all bank records, checks, credit card bills, account information, or other financial records reflecting the disposition of proceeds from the sale of firearms or the transport or harboring of undocumented or illegal aliens;

e. all information regarding the receipt, transfer, possession, transportation, or use of proceeds from the sale of firearms or alien smuggling;

f. any information recording schedule or travel;

g. evidence of who used, owned, or controlled the electronic storage media at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, correspondence, and phonebooks;

h. evidence indicating how and when the electronic storage media were accessed or used to determine the chronological context of electronic storage media access, use, and events relating to crime under investigation and to the electronic storage media user;

i. evidence indicating the electronic storage media user's state of mind as it relates to the crime under investigation;

j. evidence of the attachment to an electronic storage medium of another storage device or similar container for electronic evidence;

k. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the electronic storage media;

l. passwords, encryption keys, and other access devices that may be necessary to access the electronic storage media;

m. documentation and manuals that may be necessary to access the electronic storage media or to conduct a forensic examination of the electronic storage media;

n. records of or information about Internet Protocol addresses used by the electronic storage media;

o. records of or information about the electronic storage media's Internet activity, including firewall logs, caches, browser history and cookies,

"bookmarked" or "favorite" web pages, search terms that the user entered into any internet search engine, and records of user-typed web addresses; contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as prints, slides, negatives, videotapes, motion pictures, or photocopies). This shall include records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books, contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications; reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the computer, electronic device, or other storage medium.

This warrant authorizes a review of records and information seized, copied or disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the HSI may deliver a complete copy of the seized, copied, or disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

During the execution of the search of the electronic storage media described above, law enforcement personnel are authorized to (1) press or swipe the fingers (including thumbs) of any individual reasonably believed by law enforcement to be a user of the electronic storage media to the fingerprint scanner of the device; (2) hold a device found

in front of the face of the same individual and activate the facial recognition feature, for the purpose of attempting to unlock the device in order to search the contents as authorized by this warrant.

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>26-5166MB | Date and time warrant executed:<br>04/29/2026 6:02 AM | Copy of warrant and inventory left with:<br>On kitchen table at residence |

Inventory made in the presence of :
   HSI Task Force Officer Keith Raymond / HSI Task Force Officer Michael Clinghan

Inventory of the property taken and name of any person(s) seized:

Seized Items:

- 8 cellular phones
- 2 scales with cocaine residue
- 1798 rounds of assorted ammunition
- 18 pistol magazines
- 22 rifle magazines
- 5 rifles and 6 pistols (listed below)

   Norinco Mak-90 Sporter (94142979)
   Maadi MISR AK47 (CAI07216)
   Brigade MFG AR15 (BRF42846)
   DPMS AR15 (DP15008958)
   Omni Hybrid AR15 (NS261367)
   Beretta .380 (A26813Y)
   Rock Island Armory 1911 (RIAC001791)
   Jennings Bryco Arms (1514730)
   Tauras G3C (ABH639183)
   Smith & Wesson M&P .380 (RJT0986)
   Ruger Max-9 (350192894)

Persons seized:

- Kevin Alexis Rodriguez-Real; DOB: 08/21/2008; COC: MEX (illegal alien)
- Brayan Leyva-Abrego; DOB: 01/13/2008; COC: MEX (illegal alien)

---

**Certification**

   I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date:    05/01/2026

KEITH E RAYMOND   Digitally signed by KEITH E RAYMOND
Date: 2026.05.01 13:11:08 -07'00'

*Executing officer's signature*

Keith Raymond Border Patrol Agent - Intelligence

*Printed name and title*